# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC, | : : : | No. 4:17-CV-00565 |
| Plaintiff | : : : | (Judge Brann) |
| v. | : : | |
| PERMANENT EASEMENT FOR 0.03 ACRES AND TEMPORARY EASEMENT FOR 0.02 ACRES IN SOUTH LONDONDERRY TOWNSHIP, LEBANON COUNTY, PENNSYLVANIA, TAX PARCEL NUMBER 31-2307630-338672-0000, EAST MOCKINGBIRD LANE, SOUTH LONDONDERRY TOWNSHIP, LEBANON COUNTY, PENNSYLVANIA, | : : : : : : : : : : : : | |
| ALECXIH REALTY, LLC, | : : | |
| AND ALL UNKNOWN OWNERS, | : : | |
| Defendants. | : | |

## MEMORANDUM OPINION

AUGUST 15, 2017

**I. BACKGROUND**

On March 30, 2017, Plaintiff, Transcontinental Gas Pipe Line Company, LLC, hereinafter "Transco," filed a complaint in condemnation pursuant to Federal Rule of Civil Procedure 71.1 and the Natural Gas Act, 15 U.S.C. § 717. Previously, on

1

February 3, 2017, the Federal Energy Regulatory Commission, hereinafter "FERC," granted Transco a certificate of public convenience and necessity. Transco filed suit after proving unable to negotiate the amount of compensation to be paid for the right-of-way with the Defendants in order to construct, operate and maintain a pipeline for the Atlantic Sunrise Project; construct new and make modifications to existing, compressor stations; construct new and make modifications to existing, meter stations; make modifications to existing regulator stations; and make modifications to existing mainline valve locations in South Carolina, North Carolina, Virginia, Maryland, and, as largely relevant here, 199.5 miles through Pennsylvania.[1]

On May 25, 2017 I entered an Order granting Transco's unopposed motion for partial summary judgment and held that Transco has the substantive right to condemn the subject property.[2]

On June 29, 2017, Transco filed a motion for preliminary injunction.[3] A hearing was held on the motion on August 3, 2017. The Defendant landowners did not appear at the hearing. After taking testimony and hearing argument from Transco, the motion is granted.

## II. DISCUSSION

---

[1] 15 U.S.C.A. § 717f (h)
[2] ECF No. 9.
[3] ECF No. 12.

### a. A preliminary injunction will be entered in Transco's favor.

Defendants have not made any attempts to oppose the motion for preliminary injunction. By way of example, Defendants' brief opposing the motion for preliminary injunction was due July 14, 2017; Defendants failed to file an opposing brief. Middle District Local Rule 7.6 states that any party who fails to file a timely opposing brief "shall be deemed not to oppose such motion." As noted above, I held a hearing on the motion for preliminary injunction; Defendants failed to appear at the hearing. When Defendants "do not appear at the scheduled hearing, the Court may enter a preliminary injunction against them by default."[4] Accordingly, the preliminary injunction will be granted procedurally, for failing to appear and defend the action; it will also be granted substantively, for the reasons that follow.

Because of the unique procedures associated with federal condemnation actions arising under the Natural Gas Act, Plaintiff must first establish that it has a substantive right to condemn the property at issue. Once a substantive right has been found, a court "may exercise equitable power to grant the remedy of immediate possession through the issuance of a preliminary injunction" pursuant to Federal Rule of Civil Procedure 65 which governs the granting of preliminary

---

[4] *Chanel, Inc. v. chanelonline-outletbags.com,* No. 14-61559-CIV, 2014 WL 11881011, at *3 (S.D. Fla. Aug. 11, 2014).

injunctions.[5] "The [Natural Gas Act] does not allow for 'quick take' powers; in a condemnation action under the Act, we must evaluate access to property under the preliminary injunction rubric of Federal Rule of Civil Procedure 65(c)."[6]  Rule 65 provides in pertinent part:

> **(a) Preliminary Injunction.**
>
> **(1)** *Notice.* The court may issue a preliminary injunction only on notice to the adverse party.
>
> **(2)** *Consolidating the Hearing with the Trial on the Merits.* Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial
> . . .
>
> **(c) Security.** The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security.

"It is well established that 'a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete

---

[5] *E. Tenn. Natural Gas Co. v. Sage*, 361 F.3d 808, 828 (4th Cir. 2004); *see also Constitution Pipeline Co., LLC. v. A Permanent Easement for 1.92 Acres*, 2015 WL 1219524, *2 (M.D. Pa. March 17, 2015).
[6] *Columbia Gas Transmission, LLC v. An Easement To Construct*, No. CV 16-1243, 2017 WL 544596, at *4 (W.D. Pa. Feb. 9, 2017)
4

than in a trial or on the merits.'"⁷ "A preliminary injunction[, however,] is an extraordinary remedy never awarded as of right."⁸

Generally, a party seeking a preliminary injunction must establish four factors: (1) a reasonable probability of success on the merits of their argument; (2) irreparable harm to the movant in the absence of relief; (3) granting the preliminary injunction will not result in greater harm to the nonmoving party; and (4) the public interest favors granting the injunction.⁹ The United States Court of Appeals for the Third Circuit has recently clarified the standard. "A movant for preliminary equitable relief must meet the threshold for the first two "most critical" factors: it must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief."¹⁰ "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief."¹¹ In the case at bar, the four factors favor entering the preliminary injunction as requested by Transco.

---

⁷ *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 718 (3d Cir. 2004) (*citing University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)).
⁸ *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 24 (2008).
⁹ *See American Exp. Travel Related Services, Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012).
¹⁰ *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017).
¹¹ *Id.*

First, Transco has succeeded on the merits. Unlike preliminary injunctions in other types of civil actions, those sought in condemnation cases also request an entry of judgment on the merits contemporaneously with the motion for preliminary injunction. Therefore, given the grant of partial summary judgment on May 25, 2017, finding Transco's substantive right to condemn, the likelihood of success on the merits is established. Accordingly, this factor favors Transco.

Second, Transco will suffer irreparable harm in the absence of preliminary relief. Transco set forth several examples of irreparable harm both in its papers and at the hearing. The first is monetary. Transco contends non-possession will cost it $500,000 per month, and will delay revenues of thirty-three million dollars ($33,000,000) per month because Transco needs possession in order to begin construction. David Sztroin, the project manager for this project, testified consistently to that end at the August 3, 2017 hearing. Transco will suffer substantial costs and loss of profits if it cannot begin the project as soon as possible.

The next type of irreparable harm set forth by Transco is that it will breach contracts with both subcontractors and vendors if it cannot possess the subject properties in a timely fashion. The contract with shippers was designed so that the pipeline is in service by the 2017-2018 winter heating season. I note that this argument also cuts against Plaintiff, as Transco has acknowledged that delays in

6

obtaining the FERC certificate have already caused it to miss that deadline; the current anticipated completion date for the project is now July 2018. On the other hand, Transco argues that its "in use" date will continue to be pushed back even further if possession is not ordered by August 18, 2017. Sztroin explained that each delay would have a "domino effect" that delays the entire project.

Transco also argues that it will experience other substantial delays in completion of the project if it is not granted access. It asserts that non-possession could set construction back an entire year because it must conduct surveys on endangered and threatened wildlife species that are only permitted during certain dates each year. Additionally, certain work must be completed in Pennsylvania prior to the annual October deadline for work on wild trout streams. Specifically, Transco must install in-stream supports for equipment bridges prior to October 1, 2017.

In sum, the Atlantic Sunrise Project is large in both scope and geography, spanning five states. "The magnitude of the Project requires a complex and coordinated construction process, with work activities being performed in sequential phases"[12] Each piece of the construction puzzle depends on the prior piece timely placed. Untimeliness in one small part of this enormous project would

---

[12] *Sabal Trail Transmission, LLC v. +/- 0.41 Acres of Land in Hamilton Cty. Florida*, No. 3:16-CV-274-TJC-JBT, 2016 WL 3188985, at *3 (M.D. Fla. June 8, 2016)

7

result in a domino effect on the timeliness of all other areas of the project. This factor weighs strongly in favor of Transco.

Third, granting the preliminary injunction will not result in greater harm to the landowners. Here, the landowners have failed to appear and defend throughout the pendency of this action. The FERC certificate of public convenience and necessity lists both timely and untimely intervenors.[13] These landowners did not attempt to intervene during the FERC proceedings; they have not answered the complaint; they failed to file any opposing briefs; no counsel entered an appearance in this matter. The landowners appeared to have ignored the matter in its entirety. Accordingly, I can discern no harm to landowner. Transco has the substantive right to possession.

"We fully understand that condemnation often forces landowners to part with land that they would prefer to keep for many reasons, including sentimental ones."[14] "However, the Supreme Court long ago recognized that 'in view of the liability of all property to condemnation for the common good, loss to the owner of nontransferable values deriving from his unique need for property or idiosyncratic attachment to it ... is properly treated as part of the burden of common citizenship.'"[15]

---

[13] Plaintiff's Exhibit 1 at August 3, 2017 preliminary injunction hearing, pages 73 and 79.
[14] *Cherokee Nation v. S. Kan. Ry. Co.*, 135 U.S. 641, 659 (1890).
[15] *Id* citing *Kimball Laundry Co. v. United States*, 338 U.S. 1, 5, (1949).

It is commonplace for district courts to order immediate possession after FERC has taken a lengthy period of time determining whether or not to issue a certificate of public convenience and necessity. "District courts in a number of jurisdictions grant immediate possession in the form of a preliminary injunction to a gas company that has established its right to condemn under the [Natural Gas Act]."[16]

Moreover, "the court does not have jurisdiction to review a collateral attack on the FERC certificate."[17] "When a property owner comes to federal court to challenge FERC's findings in the certificate of public convenience and necessity, the property owner thereby mounts what in essence is a collateral attack on that

---

[16] *Tennessee Nat. Gas Co. v. Sage*, 361 F.3d at 827 *citing Northwest Pipeline Corp. v. The 20' by 1,430' Pipeline Right of Way*, 197 F.Supp.2d 1241, 1245 (E.D.Wash.2002)("[w]here there is no dispute about the validity of [the gas company's] actual right to the easement," denying authority to grant immediate possession "would produce an absurd result"); *Guardian Pipeline, L.L.C. v. 950.80 Acres of Land*, 210 F.Supp.2d 976, 979 (N.D.Ill.2002)(immediate possession proper when condemnation order has been entered and preliminary injunction standards have been satisfied); *N. Border Pipeline Co. v. 64.111 Acres of Land*, 125 F.Supp.2d 299, 301 (N.D.Ill.2000)(same); *see also N. Border Pipeline Co. v. 127.79 Acres of Land,* 520 F.Supp. 170, 173 (D.N.D.1981) ("the Court believes the circumstances of this case warrant the exercise of inherent powers"); *Williston Basin Interstate Pipeline Co. v. Easement and Right–of–Way Across .152 Acres of Land*, 2003 WL 21524816 (D.N.D.2003)(same); *Tenn. Gas Pipeline Co. v. New England Power, Inc*., 6 F.Supp.2d 102, 104 (D.Mass.1998)(same); *USG Pipeline Co. v. 1.74 Acres*, 1 F.Supp.2d 816, 825–26 (E.D.Tenn.1998)(same); *Kern River Gas Transmission Co. v. Clark County*, 757 F.Supp. 1110, 1117 (D.Nev.1990)(same); *Humphries v. Williams Natural Gas Co*., 48 F.Supp.2d 1276, 1280 (D.Kan.1999)("[I]t is apparently well settled that the district court does have the equitable power to grant immediate entry and possession [under the Natural Gas Act]."); *Rivers Electric Co., Inc. v. 4.6 Acres of Land*, 731 F.Supp. 83, 87 (N.D.N.Y.1990)(granting immediate possession under a statute similar to the Natural Gas Act). *Cf. Commercial Station Post Office, Inc. v. United States*, 48 F.2d 183, 184–85 (8th Cir.1931)(holding that government officer who exercises statutory authority to file condemnation action may take immediate possession of the property even though there is no express provision authorizing pre-judgment possession).

[17] *Williams Natural Gas Co. v. City of Okla. City*, 890 F.2d 255, 262 (10th Cir. 1989).

certificate."[18] "District courts have limited jurisdiction in Natural Gas Act condemnation actions."[19] "This court's role is mere enforcement."[20]

For these reasons, this factor favors Transco.

Fourth, granting the preliminary injunction is in the public interest as it will give the general public access to natural gas from the Marcellus Shale deposits for heating their homes. "Congress passed the Natural Gas Act and gave gas companies condemnation power to insure that consumers would have access to an adequate supply of natural gas at reasonable prices."[21] This factor, therefore, also favors Transco.

For all of these reasons, Transco's motion for preliminary injunction is granted.

**b. A bond will be Ordered.**

---

[18] *Steckman Ridge GP, LLC v. Exclusive Natural Gas Storage Easement Beneath 11.078 Acres*, 2008 U.S. Dist. LEXIS 71302, 13-14 (W.D. Pa. Sept. 19, 2008) (Gibson, J.).
[19] *Sabal Trail Transmission, LLC v. +/- 0.41 Acres of Land in Hamilton Cty. Florida,* No. 3:16-CV-274-TJC-JBT, 2016 WL 3188985, at *2 (M.D. Fla. June 8, 2016), *see also* 15 U.S.C.A. § 717r(b); *Guardian Pipeline, L.L.C. v. 529.42 Acres of Land*, 210 F. Supp. 2d 971, 974 (N.D. Ill. 2002) ("The validity and conditions of the FERC Certificate cannot be collaterally attacked in district court."); *Williams Natural Gas Co. v. City of Oklahoma City*, 890 F.2d 255, 262 (10th Cir.1989), cert. denied, 497 U.S. 1003, 110 S.Ct. 3236, 111 L.Ed.2d 747 (1990) ("Review of the validity of the certificate is the exclusive province of the appropriate court of appeals.").
[20] *Id. citing Tennessee Gas Pipeline Co. v. Massachusetts Bay Transportation Authority,* 2 F.Supp.2d 106, 110 (D.Mass.1998).
[21] E*. Tennessee Nat. Gas Co. v. Sage*, 361 F.3d at 830, *citing Clark v. Gulf Oil Corp.*, 570 F.2d 1138, 1145–46 (3d Cir.1977); *Fla. Power & Light Co. v. Federal Energy Regulatory Comm'n*, 598 F.2d 370, 379 (5th Cir.1979); *Public Serv. Comm'n of Ky. v. Federal Energy Regulatory Comm'n*, 610 F.2d 439, 442–43 (6th Cir.1979).

The Constitution "does not provide or require that compensation be paid in advance of the occupancy of the land to be taken."[22] "But the owner is entitled to reasonable, certain, and adequate provision for obtaining compensation before his occupancy is disturbed."[23] Accordingly, Transco will be ordered to post a surety bond with the Clerk of Court on or before August 16, 2017.

### c. The Order will contain an enforcement mechanism

Transco indicates that third parties have expressed their intention to engage in civil disobedience. I have the authority and "inherent power to enforce compliance with lawful orders through civil contempt."[24] Defendants and any third parties who are contemplating violating the terms of this Memorandum Opinion and the accompanying Order are on notice that the Order contains an enforcement mechanism so that any person unwise enough to violate its terms shall be haled into Court by the United States Marshal and a contempt hearing will be conducted.[25]

## III. CONCLUSION

An Order will issue this date granting Plaintiff's Motion for Preliminary Injunction. Plaintiff will be ordered to post a surety bond with the Clerk of Court.

---

[22] *Cherokee Nation v. S. Kan. Ry. Co.*, 135 U.S. 641, 659 (1890).
[23] *Id.*
[24] *Cooper v. Aaron*, 358 U.S. 1 (1958); *and see Shillitani v. United States*, 384 U.S. 364 (1966).
[25] *Roe v. Operation Rescue*, 919 F.2d 857, 868 (3d Cir. 1990)

Commencing August 18, 2017, pursuant to the Order of the Federal Regulatory Commission dated February 3, 2017, Plaintiff Transcontinental Gas Pipe Line Company, LLC is granted access to, possession of and entry to the rights of way allowed under that Order for the above captioned property. The Order will include an enforcement mechanism to deter those who seek to obstruct Plaintiff.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge